No. 762

WONTORCIK, Admr. v. BLUE BELL CREAMER CO. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6568. Decided Nov. 22, 1926.

First Publication of this Opinion.

829. NEGLIGENCE — 301. Contributory Negligence—225. Charge of Court—Where, in action for damages for wrongful death, jury properly finds no negligence on part of defendant, question of contributory negligence is not important, and erroneous charge as to contributory negligence not prejudicial.

Error to Common Pleas.
Judgment affirmed.

Howell, Roberts & Duncan, Cleveland, for Wontorcik.

John H. McNeal, Cleveland, for Creamer Co.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below the plaintiff brought an action to recover damages for the death of a boy killed by an automobile driven by the defendant Frederick. At the trial of the action, on motion, the Blue Bell Creamery Company was let out of the case, as the evidence showed that the automobile was owned and being driven by Frederick, one of the partners in the Blue Bell Creamer Company.

In the argument of this case, although error was prosecuted from the judgment of the court in dismissing the Blue Bell Creamery Company from the case, it was admitted in open court that they had no claim for error in that respect, and waived any right that they might have, and so our attention is directed solely to the error in holding in favor of the defendant Frederick.

At the close of the trial of the action the case was submitted to the jury, and the jury, after its deliberation, found a general verdict for the defendant and answered several interrogatories, all of which tended to prove and did prove, to the satisfaction of the jury, that the defendant Frederick was guilty of no negligence. It is important to bear this in mind for what follows:

The principal complaint of error is in the charge of the court with respect to the contributory negligence of the decedent. It must be remembered that the decedent was a boy past eight years of age and he, with another and larger boy, were on their way to school on Madison Avenue in the City of Lakewood and were crossing the street from the south side to the north side at a point between two intersections, there being no cross walk at this point. Frederick was driving east on the south side of Madison Avenue about four feet from the car track, there being a double line of tracks in the street. He was driving at a speed from twelve to fifteen miles per hour. The pavement was dry at the time. He saw the boys leave the curb on the south side of the street to cross the street. He put on his brake and slowed his car down. The boys had crossed the south roadway on to the railway track when the smaller boy, the one who was killed, suddenly turned and started back to the south curb, which he had just left. The driver of the automobile, when he saw the boys pass in front of him, released the brake and the car proceeded forward. He was not expecting the boy to turn suddenly. The boy turned around, started at a fast speed back to the side of the street from whence he came, and ran into the fender of the car. The driver immediately turned his car to the right, but the boy ran his head against the fender and death resulted a few hours thereafter.

The defendant, the evidence shows, stopped his car almost immediately. The answer to the special interrogatories shows that the defendant was not to blame in the eyes of the jury. Every question was answered in favor of the defendant's theory of this law suit.

Now the court charged the jury on the doctrine of contributory negligence and I think in the main charged it correctly, as laid down by this court and the Supreme Court many times. Toward the end of one of the defendant's special requests, there is language which ought not, in our judgment be there, and if it were not for the special findings of the jury, it might have been erroneous, but the state of this record is such that the jury might properly find and did properly find, that there was no negligence on the part of the defendant below. That being so, the question of contributory negligence was not very important, and whatever the court may have said upon this could not have changed the result.

We think, therefore, there is no error, in this record that would warrant a reversal, and the judgment is affirmed.

(Levine, PJ., and Sullivan, J., concur.)